**Robin MERRITT; Calvin Mitchell; Ralph Perez, on behalf of themselves and all others similarly situated, Plaintiffs—Appellants,**

and

**Ralph Polanco; Ray Ramos; Shirley J. Broussard, on behalf of themselves and all other similarly situated, Plaintiffs,**

v.

**AMERICAN STORES COMPANY; Lucky Stores, Inc., Defendants—Appellees.**

No. 03–57250.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 14, 2005.

Decided Nov. 17, 2005.

Dan Stormer, Esq., Anne Richardson, Esq., Hadsell & Stormer, Randy Renick, The Law Offices of Randy Renick, Pasadena, CA, Paul L. Hoffman, Esq., Michael Morrison, Esq., Schonbrun, Desimone, Seplow, Harris and Hoffman, LLP, Venice, CA, for Plaintiffs–Appellants.

Paul L. Hoffman, Esq., Michael Morrison, Esq., Randy Renick, Dan Stormer, Esq., Long Beach, CA, for Plaintiffs.

Kimberly R. Wells, Baker & Hostetler LLP, Los Angeles, CA, James P. Mulkeen, Esq., Manatt, Phelps & Phillips, LLP, Los Angeles, CA, for Defendants–Appellees.

Before: SILVERMAN and CALLAHAN, Circuit Judges, and DUFFY,[*] Senior Judge.

MEMORANDUM [**]

Appellants Robin Merritt, Calvin Mitchell, and Ralph Perez sued Lucky Stores alleging hostile work environments. The district court granted summary judgments against them essentially finding that the alleged incidents were not serious enough to overlook their infrequency and not severe enough to change the conditions of employment. Following the entry of a final judgment, appellants filed a timely appeal.

The district court's grants of summary judgment are reviewed de novo. *McGinest v. GTE Serv. Corp.,* 360 F.3d 1103, 1112 (9th Cir.2004); *Morrison v. Hall,* 261 F.3d 896, 900 (9th Cir.2001). We must determine, "viewing the evidence in the light most favorable to the non-moving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant law." *Ventura Packers, Inc. v. F/V JEA-*

[*] The Honorable Kevin T. Duffy, Senior United States District Judge for the Southern District of New York, sitting by designation.

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

*NINE KATHLEEN,* 305 F.3d 913, 916 (9th Cir.2002).

Our consideration of this appeal cannot help but be influenced by three judicial opinions that were entered after the district court's orders granting summary judgment in 2000 and 2001, and while this appeal was pending. In *National Railroad Passenger Corp. v. Morgan,* 536 U.S. 101, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002), the Supreme Court further defined the continuing violation doctrine for hostile work environment claims. In *Jones v. R.R. Donnelley & Sons,* 541 U.S. 369, 124 S.Ct. 1836, 158 L.Ed.2d 645 (2004), the Supreme Court adopted a four year statute of limitations for claims under 42 U.S. § 1981. Finally, our opinion in *McGinest* addressed hostile work environment claims based in part on racial epithets as well as remedial actions by an employer.

We find that these opinions raise issues of fact and law that were not fully considered by the district court. Accordingly, we hereby vacate the district court's grants of summary judgment against appellants Merritt, Mitchell, and Perez, and remand the case to the district court for further consideration in light of this intervening authority. We express no opinion as to the merits of appellants' claims.

The district court's grants of summary judgment against appellants Merritt, Mitchell, and Perez are VACATED and the case is REMANDED to the district court for further consideration.